# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 06-764V

* * * * * * * * * * * * * * * * * * * * * * * *

NATALIA GLASER, *parent of*
M.G., *a minor*,

               Petitioner,

       v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Filed: June 29, 2016

Decision; Attorney's Fees and Costs.

* * * * * * * * * * * * * * * * * * * * * * * *

*Paul S. Dannenberg*, Huntington, VT, for Petitioner.

*Glenn A. MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING PETITION'S MOTION FOR RECONSIDERATION[1]

On November 13, 2006, Natalia Glaser filed a petition on behalf of her son, M.G., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that M.G. experienced an encephalopathy and other neurological injuries as a result of the Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine that he received on or about December 1, 2003. After a protracted litigative risk settlement process, the parties eventually stipulated to a damages award that was reduced to judgment on August 13, 2015. ECF No. 106.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)). For purposes of brevity, all subsequent references to sections of the Act herein shall omit the 42 U.S.C. §§ 300aa prefix.

On February 3, 2016, Ms. Glaser moved for an award of Attorney's Fees and Costs ("Fees Application") in the total amount of $208,307.39 (ECF No. 109). By decision dated June 6, 2016, I granted in part Petitioner's request for attorney's fees and costs, finding that she was entitled to a total award of $165,254.95. ECF No. 114.

On June 27, 2016, Petitioner filed a motion for reconsideration of my decision awarding attorney's fees and costs. ECF No. 115. She requests that I reconsider reduction of Dr. Asaikar's fees. Specifically, Petitioner argues that his fees were reduced by the amount of $1280.00 for only being a "consulting rather than testifying expert," but Dr. Asaikar was actually intended to be the primary testifying expert (who provided two expert reports in this matter intended to establish causation). She therefore requests that she be awarded an additional $1,280.00 in costs.

In addition, Petitioner has pointed out two errors in the calculation of attorney's fees and costs that resulted in her being awarded costs in excess of what she should have been awarded. First, Petitioner noted that I had ordered payment of Dr. Asaikar's fee twice, as it was already included in Petitioner's costs of $12,506.83. Second, Petitioner noted that Dr. Hall's fee of $6,207.50 did not include a deduction for $1,625.00 that was previously paid as a retained as part of Petitioner's costs of $12,506.83. Respondent has informed me that she will not be filing anything commenting on the reconsideration request.

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision, and provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). It is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute).

Here, I find that the interests of justice support both revisions requested by Petitioner. Having looked again at the record in light of Petitioner's argument, I find persuasive her argument that Dr. Asaikar's contributions to the case's success warrant awarding the amounts previously deducted in my prior decision. In addition, I credit Petitioner and her counsel for raising instances of overpayment in the fees decision, and will revise the calculation accordingly.

## CONCLUSION

Based upon the above, and in the exercise of my discretion, I hereby grant the motion for reconsideration – the prior decision dated June 6, 2016, is hereby VACATED and I award attorney's fees and costs as follows:

| Contested Sum | Amount Requested | Reduction | Total Awarded |
|---|---|---|---|
| Homer Firm Fees | $17,711.30 | $1,150.60 | $16,560.70 |
| Homer Firm Costs | $2,114.25 | $134.40 | $1,979.85 |
| Dannenberg Fees | $135,222.50 | $48,211.63 | $87,010.87 |
| Dannenberg Costs | $12,506.83 | $4,480.00 | $8,026.83 |
| Dr. Crosley Expert Fees | $2,400.00 | None | $2,400.00 |
| Dr. Asaikar Expert Fees | $5,760.00 | None | $5,760.00 |
| Dr. Hall Expert Fees | $6,207.50 | $1,625.00 | $4,582.50 |
| Ms. Holakiewicz's Life Care Planner Fees | $23,780.51 | None | $23,780.51 |
| Guardianship Costs | $9,254.50 | $925.45 | $8,329.05 |
| Petitioner's Direct Costs | $2,000.00 | none | $2,000.00 |

Accordingly, an award shall be made in the form of a check jointly payable to Petitioner and her counsel, Paul Dannenberg, Esq., in the amount of **$158,430.31**, and a check for **$2,000.00** payable to Petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.